UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

Case No. 8:20-MJ-2169-JSS

**JAVIER SANCHEZ MENDOZA, JR.**
_____/

## MOTION FOR DISMISSAL OF INDICTMENT

**COMES NOW**, Defendant, Javier Sanchez Mendoza, Jr. ("Mr. Mendoza"), by and through undersigned counsel, and pursuant to Fed. R. Crim. P. 12(b)(2) and (3)(B) and 7(c)(1), respectfully requests that the Court dismiss the indictment because, on its face, it: (1) fails to charge an essential element of 18 U.S.C. § 1591(a)(2), and 1591(b)(1), specifically, that the alleged victim had not attained the age of 18 years, and that the alleged victim has not attained the age of 14 years at the time of such offense; and (2) is therefore vague as to lack the constitutional sufficiency needed to allow Mr. Mendoza to mount a proper defense as to protect his due process rights. In support, Mr. Mendoza states as follows:

### I. BACKGROUND

On or about September 2, 2020, Mr. Mendoza was indicted on one (1) count of Sex Trafficking by Force, Fraud, and Coercion pursuant to 18 U.S.C. § 1591(a). More specifically, the Indictments states "[a]ll done in violation of Title 18, United States Code, Sections 2, 1591(a)(1), 1591(a)(2), and 1591(b)(1). As such, the indictment is for child sex trafficking.

### II. ARGUMENT

"The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute." United States v. Critzer, 951 F.2d 306, 307

(11th Cir. 1992). Additionally, "an indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense." Id. citing U.S. v. Cole, 755 F.2d 748, 759 (11th Cir. 1985). Further, "[a]n indictment satisfies these requirements as long as the language therein sets forth the essential elements of the crime." Id. Moreover, "Constitutional requirements are fulfilled 'by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime.'" Critzer, 951 F.2d at 308 (citation omitted).

In this case, the Indictment is deficient on its face. The Indictment purports to charge Mr. Mendoza with acts "[a]ll done in violation of Title 18, United States Code, Sections 2, 1591(a)(1), 1591(a)(2), and 1591(b)(1). As this means that the Government is required to allege that Jane Doe#1 or some victim had not attained the age of 14 years at the time of the offense, the Indictment was required to state such. Critzer, 951 F.2d at 308. To be clear, this language is for a "count of sex trafficking of a minor under the age of 14, in violation of 18 U.S.C. §§ 1591(a)(2) & (b)(1)" as stated by the Eleventh Circuit in United States v. Battle. United States v. Battle, 736 Fed. App'x 230, 231 (11th Cir. 2018). The Indictment in this case contains absolutely no reference to the age of the victim and no way for Mr. Mendoza to form a defense against these insufficient charges. Critzer, 951 F.2d at 308. Consequently, the Indictment is insufficient as it fails to set forth an essential element of the offense alleged. Id.

A case from the Eastern District of Virginia, with the Fourth Circuit case is instructive. Specifically, in United States v. Callis, the court explained that a conviction pursuant to § 1591(a)(2) required, among other things, that he "know or recklessly disregard the fact that the victim is a minor…." United States v. Callis, No. 3:16-cr-003, 2019 WL 1223306, at *3 (E.D. Va. Mar. 15, 2019). Further, the court went on to explain that the Government conceded that an

attempt to sentence the defendant pursuant to § 1591(b)(1) would require proof of "the additional element that 'the defendant trafficked a person who had not attained the age of 14.'" Id. Notably as the Indictment in Callis included the language that "the person had not attained the age of 18 years…" and the Government proceeded pursuant to § 1591(b)(2) instead of § 1591(b)(1) at sentencing, the court found no reversible error. Callis, 2019 WL 1223306, at *4. However, unlike the Indictment in Callis, the Indictment in this case fails to address the victims age in any manner. As such, the Indictment is constitutionally deficient. Critzer, 951 F.2d at 308; Callis, 2019 WL 1223306.

### III.  CONCLUSION

Due to the aforementioned deficiencies in the Indictment, and therefore violation of Mr. Mendoza's due process rights, Mr. Mendoza respectfully requests that this court dismiss the Indictment and order his release.

**WHEREFORE**, Defendant, Javier Sanchez Mendoza, Jr. respectfully requests that this court dismiss the Indictment and order his release.

DATED this 19th day of November 2020.

> Respectfully submitted,
>
> JAMES T. SKUTHAN
> ACTING FEDERAL DEFENDER
>
> */s/ Percy King*
> Percy King
> Assistant Federal Defender
> Florida Bar No. 0107357
> 400 North Tampa Street, Suite 2700
> Tampa, FL. 33602
> Telephone: 813-228-2715
> Fax: 813-228-2562
> Email: Percy_King@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of November 2020, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Daniel Michael Baeza, AUSA

*/s/ Percy King*
Percy King
Assistant Federal Defender